# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA YBARRA,<br><br>        Plaintiff,<br><br>    v.<br><br>A. ANDERSON,<br><br>        Defendant.<br>_____/ | CASE NO.   1:09-cv-1098-AWI-MJS (PC)<br><br>ORDER DENYING MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND<br><br>GRANTING REQUEST TO EXTEND THE DISPOSITIVE MOTION DEADLINE<br><br>(ECF No. 25) |

    Plaintiff Laura Ybarra ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    Before the Court is Defendant Anderson's Ex Parte Request, filed on April 25, 2011, to Dismiss in Light of Plaintiff's Failure to Prosecute, or in the Alternative, Extend the Dispositive Motion Deadline, (ECF No. 25.)  Dispositive motions were to be filed by April 19, 2011.  (ECF No. 16.)

    District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an

order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

However, there is no evidence before the Court that Plaintiff has failed to prosecute this action. Plaintiff has kept the Court apprised of her current address (ECF No. 18)[1] and filed a Motion for an Extension of Time (ECF No. 21).

Defendant alleges that Plaintiff has not responded to discovery requests. (Mot. at 2.) The appropriate relief for failure to respond to discovery is a motion to compel discovery and/or to secure sanctions. There is no motion to compel before this Court. The instant motion was filed after discovery cut-off and the motion deadline had passed.

Defendant's counsel notes that Plaintiff failed to respond to this Motion. (ECF No. 26.) However, under Local Rule 230, Plaintiff is not required to file an opposition to a motion.

Dismissal of this action for failure to prosecute is unwarranted.

However, inasmuch as there is at least an indication Plaintiff may not be pursuing her claim and, if that is true, all parties could benefit from expeditious resolution of the merits, the Court will extend the time within which dispositive motions may be filed.

Accordingly, the Court hereby ORDERS that:

1. Defendant Anderson's request to dismiss this action for failure to prosecute is DENIED;

2. Defendant Anderson's request to extend the dispositive motion deadline is GRANTED; and

---

[1] Counsel declares that the moving papers for this Motion were returned by the United State Postal Service as "Returned to Sender, Attempted - Not Known, Unable to Forward." (ECF No. 26 at ¶ 5.) Counsel does not attach a copy of this returned mailing to the Declaration.

3.  The deadline for filing dispositive motions in this matter is extended to October 18, 2011.

IT IS SO ORDERED.

Dated:   September 6, 2011          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE