# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA YBARRA | 1:09-cv-001098-AWI-MJS (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION FOR DISMISSAL OF PLAINTIFF'S COMPLAINT |
| A. ANDERSON, et al. | |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |
| _____/ | |

Plaintiff Laura Ybarra ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on June 22, 2009. (ECF No. 1.) On September 6, 2011, the Court issued an Order denying Defendant Anderson's motion to dismiss and granting Defendant Anderson's request to extend the dispositive motion deadline.  On September 14, 2011, the Court's Order  was returned by the U.S. Postal Service as undeliverable to Plaintiff.  More than  63 days have since passed,  and Plaintiff has not provided the Court with a new address or otherwise responded.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose

1  sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing

2  Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice,

3  based on a party's failure to prosecute an action, failure to obey a court order, or failure to

4  comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)

5  (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61

6  (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of

7  complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

8  comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone

9  v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

10  with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal

11  for lack of prosecution and failure to comply with local rules).

12      In determining whether to dismiss an action for lack of prosecution, failure to obey

13  a Court order, or failure to comply with local rules, the Court must consider several factors:

14  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

15  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

16  disposition of cases on their merits; and (5) the availability of less drastic alternatives.

17  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;

18  Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

19      In the instant case, the Court finds that the public's interest in expeditiously resolving

20  this litigation and the Court's interest in managing the docket weigh in favor of dismissal.

21  The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, since

22  a presumption of injury arises from the occurrence of unreasonable delay in prosecuting

23  an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor --

24  public policy favoring disposition of cases on their merits -- is greatly outweighed by the

25  factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his

26  failure to obey the court's order will result in dismissal satisfies the "consideration of

27  alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33;

28  Henderson, 779 F.2d at 1424

1    Accordingly, it is **RECOMMENDED** that in the event that Plaintiff does not within

2  **fourteen (14) days** of entry of this Order notify the Court in writing of her address to which

3  mail is to be sent, this matter be **DISMISSED by the District Judge**.

4    These Findings and Recommendation are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).

6  Within fourteen days after being served with these findings and recommendations, any

7  party may file written objections with the court and serve a copy on all parties.  Such a

8  document should be captioned "Objections to Magistrate Judge's Findings and

9  Recommendations."  Any reply to the objections shall be served and filed within ten days

10 after service of the objections.  The parties are advised that failure to file objections within

11 the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst,

12 951 F.2d 1153 (9th Cir. 1991).

13

14

15 IT IS SO ORDERED.

16 Dated:    December 1, 2011                    /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28